

U.S. Department of Justice

United States Attorney
Western District of Pennsylvania

*Joseph F. Weis, Jr. U.S. Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania 15219*                         412/644-3500

February 3, 2025

Gabrielle Lee, Esquire
Assistant Federal Public Defender
1001 Liberty Avenue
Suite 1500
Pittsburgh, PA 15222

Re:   United States of America v.
      Donte Lashawn Cole
      Criminal Nos. 25-38 and 23-270

Dear Ms. Lee:

This letter sets forth the agreement by which your client, Donte Lashawn Cole, will enter pleas of guilty in the above-captioned cases. The letter represents the full and complete agreement between Donte Lashawn Cole and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Donte Lashawn Cole, will be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, et seq. and 28 U.S.C. § 991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

    A.    The defendant, Donte Lashawn Cole, agrees to the following:

        1.    The defendant will enter a plea of guilty to Count One of the Indictment at Criminal No. 23-270, charging the defendant with violating 18 U.S.C. §§ 1591(a), 1591(b)(2), 1591(c), 1594(a), and 2, pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

LIMITED OFFICIAL USE

Page 2

2. The defendant will also waive prosecution by indictment and enter a plea of guilty to Count One of the Information at Criminal No. 25-    , charging the defendant with violating 18 U.S.C. §§ 2422(a) and 2, pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

3. The defendant will pay mandatory restitution under 18 U.S.C. §§ 3663A, 3664, 1593 and 2429 as applicable, to the victims and/or other persons or parties authorized by law in such amounts as the Court shall direct.

   The defendant agrees that restitution and any other financial obligations imposed by the Court are due and payable immediately after the judgment is entered, and subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payments due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

   Upon request of the United States, the defendant agrees to provide all information regarding the defendant's income, assets, and financial status, and that of the defendant's household. If requested, the defendant agrees to submit to an interview and/or deposition as to these matters and to undergo a polygraph examination. Upon request, the defendant agrees to complete a sworn financial statement and to provide all documents under the defendant's possession or control regarding the defendant's financial resources. The defendant authorizes the United States to obtain a credit report pertaining to the defendant. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing for restitution purposes, if necessary.

4. The defendant will immediately notify the Court and the United States Attorney of any improvement in the defendant's economic circumstances that might increase the defendant's ability to pay restitution and that occurs from the date of this agreement until the completion of the defendant's sentence, including any term of supervised release.

5. The defendant will voluntarily forfeit to the United States all property subject to forfeiture under 18 U.S.C. §§ 2253 and 1467, including but not limited to an Apple iPhone with a black case; an Apple iPhone with a blue and clear case; an Apple iPhone with a pink case; a pink Apple iPhone; a black revvl cell phone; a blue Motorola cell phone; a Palmetto State Armory AR-15 firearm, S/N SCD742225; a Ruger SP101 .38 Special firearm, S/N 17965; and miscellaneous ammunition and magazines, all seized from the defendant's residence on October 13, 2023.

6. The defendant acknowledges that the above-described property is property used or intended to be used, in any manner or part, to commit, and/or

      facilitate the commission of, the violation of the offenses charged. The defendant further acknowledges that the property is the subject of pending forfeiture allegations at the above-referenced criminal numbers, and the defendant consents to the criminal forfeiture of the property.

7. The defendant hereby agrees that all of the cellular phones seized from the defendant, and currently in the custody and/or control of the government, were properly seized and were involved in or used in violation of Federal law by the defendant. The defendant agrees that such items are subject to seizure and forfeiture by the United States, and that no defense exists to the seizure and forfeiture of that property by the United States. As such, the defendant hereby relinquishes all claim, title and interest he has in the above stated property to the United States of America and agrees not to seek return of property pursuant to Rule 41 of the Federal Rules of Criminal Procedure or any other legal authority.

8. If the Court imposes a fine or restitution as part of a sentence of incarceration, Donte Lashawn Cole agrees to participate in the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which 50% of the defendant's prison salary will be applied to pay the fine or restitution.

9. At the time Donte Lashawn Cole enters the defendant's pleas of guilty, the defendant will deposit a special assessment of $200 in the form of cash, check, or money order payable to "Clerk, U.S. District Court." In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

10. Defendant further agrees to pay an assessment per relevant count of conviction pursuant to 18 U.S.C. § 3014, as determined by the Court at the time of sentencing. Any assessments imposed shall be paid through the Office of the Clerk of District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

11. As required by 18 U.S.C. §§ 3563(a)(8) and 3583(d), and the Sex Offender Registration and Notification Act (SORNA, 34 U.S.C. § 20901 et seq.), Donte Lashawn Cole agrees to report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for the defendant's supervision, and further agrees to register as a convicted sex offender under the law of any state in which the defendant resides, is employed, carries on a vocation, or is a student.

12. Donte Lashawn Cole waives any former jeopardy or double jeopardy claims the defendant may have in or as a result of any related civil or administrative actions.

13. Donte Lashawn Cole waives the right to take a direct appeal from the defendant's conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:

    (a) If the United States appeals from the sentence, Donte Lashawn Cole may take a direct appeal from the sentence.

    (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Donte Lashawn Cole may take a direct appeal from the sentence.

    Defendant further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking the defendant's conviction or sentence and the right to file any other collateral proceeding attacking the defendant's conviction or sentence.

    Nothing in the foregoing waivers of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law. The defendant understands that the government retains its right to oppose any such claim on procedural or substantive grounds.

16. In the event the judgment of conviction and sentence entered as a result of this plea agreement does not remain in full force and effect for any reason, the government may reinstate any charges dismissed or reduced pursuant to this plea agreement. In the event of reinstatement, the defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

1. The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of Donte Lashawn Cole in the offenses charged at Criminal Nos. 23-270 and 25-    and of any other matters relevant to the imposition of a fair and just sentence.

2. The United States agrees to recommend a two-level downward adjustment for acceptance of responsibility and, pursuant to U.S.S.G. § 3E1.1(b), to move for an additional one-level adjustment. However, if at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set forth in U.S.S.G. § 3E1.1 or acts in a manner inconsistent with

   acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and/or motion.

  3. The United States Attorney will take any position he deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C. Donte Lashawn Cole and the United States Attorney further understand and agree to the following:

  1. The penalty that may be imposed upon Donte Lashawn Cole at Count One of the Indictment at Criminal No. 23-270 is:

   (a) Imprisonment of not less than ten (10) years, and up to life, given that the minor trafficked had attained the age of 14 years but had not yet attained the age of 18 years at the time of the offense.

   (b) A fine not to exceed $250,000;

   (c) A term of supervised release of at least 5 years, and up to life;

   (d) A special assessment under 18 U.S.C. § 3013 of $100;

   (e) An additional special assessment of $5,000.00 under the Justice for Victims of Trafficking Act, 18 U.S.C. § 3014(a);

   (f) Mandatory restitution under the Victim-Witness Protection Act, 18 U.S.C. §§ 3663, 3663A, 3664; and 18 U.S.C. § 1593.

  2. The penalty that may be imposed upon Donte Lashawn Cole at Count One of the Information at Criminal No. 25-___ is:

   (a) A term of imprisonment of not more than twenty (20) years;

   (b) A fine of not more than $250,000;

   (c) A term of supervised release of at least 5 years, and up to life;

   (d) A special assessment under 18 U.S.C. § 3013 of $100;

   (e) An additional special assessment of $5,000.00 under the Justice for Victims of Trafficking Act, 18 U.S.C. § 3014(a);

   (f) Mandatory restitution under the Victim-Witness Protection Act, 18 U.S.C. §§ 3663, 3663A, 3664; and 18 U.S.C. § 2428.

<blockquote>

Since the maximum penalty for an offense to which the defendant is pleading guilty is punishable by 25 years or more, pursuant to 18 U.S.C. §§ 3559 and 3561, the defendant is not eligible for a sentence of probation.

</blockquote>

3. The Court shall determine the victims and/or other persons or parties who will receive restitution as authorized by law.

4. The parties agree that the willful failure to pay any fine imposed by the Court may be treated as a breach of this plea agreement. Donte Lashawn Cole acknowledges that the willful failure to pay any fine may subject him to additional criminal and civil penalties under 18 U.S.C. § 3611 et seq.

5. Pursuant to Rule 11(c)(1)(C), the parties stipulate and agree that the appropriate sentence at each count at Criminal Nos. 23-270 and 25-____ is a term of imprisonment of 150 months; a term of supervised release to be determined by the Court; a special assessment of $100 under 18 U.S.C. § 3013; an additional special assessment as deemed appropriate by the Court under 18 U.S.C. § 3014(a); and restitution in an amount to be determined by the Court. The sentences of imprisonment and supervised release at each of the counts at Criminal Nos. 23-270 and 25-____ shall run concurrently.

Consistent with Rule 11(c)(1)(C), the Court may accept the plea agreement, reject the plea agreement, or defer a decision until it reviews the presentence report. If the Court rejects the plea agreement, consistent with Rule 11(c)(5), the defendant will have the opportunity to withdraw the defendant's guilty plea.

Defendant agrees that the defendant will not file a motion seeking relief under 18 U.S.C. § 3582(c)(2) if the Sentencing Guidelines are subsequently lowered by the Sentencing Commission.

6. This agreement does not preclude the government from pursuing any civil or administrative remedies against Donte Lashawn Cole or the defendant's property.

7. If, at any time after this plea agreement is signed and prior to sentencing, the defendant (i) commits any additional federal, state, or local offense; or (ii) breaches any term of this plea agreement, the United States may at its discretion be released from its obligations under this agreement and the defendant's guilty plea, if already entered, will stand. In that event, the United States will be entitled to seek a sentence other than agreed-upon, reinstate previously dismissed or reduced charges and/or pursue additional charges against the defendant. The defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

        Any alleged breach of this plea agreement shall be determined by agreement of the parties or by the Court. A breach of this plea agreement shall be established by a preponderance of the evidence.

8.      Pursuant to the Standing Order of the United States District Court dated May 31, 2017, all plea letters shall include a sealed Supplement. The sealed Supplement to this plea letter is part of the agreement between the parties hereto.

This letter sets forth the full and complete terms and conditions of the agreement between Donte Lashawn Cole and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

*[signature]*
TROY RIVETI
Acting United States Attorney

*[signature]*
ROBERT C. SCHUPANSKY
Assistant U.S. Attorney

I have received this letter from my attorney, Gabrielle Lee, Esquire, have read it and discussed it with her, and I understand the terms of the Agreement. I hereby accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

*[signature]*
DONTE LASHAWN COLE

4-14-2025
Date

Witnessed by:

*[signature]*
GABRIELLE LEE, ESQUIRE
Counsel for Donte Lashawn Cole